OPINION
{¶ 1} Plaintiff-appellant, Dennis Chelsey, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which that court granted appellant and defendant-appellee, Irene Chelsey, a decree of divorce. *Page 2 
 {¶ 2} The parties were married in 1967 and had no children. In 2005, they began dissolution proceedings, which eventually turned into an action for divorce. On November 7, 2006, a magistrate issued temporary orders providing, inter alia, that appellant pay temporary spousal support to appellee in the amount of $3,300 per month. Appellant did not object to the magistrate's decision on temporary orders. On February 15, 2007, trial commenced on the disputed issues, pertaining to the cash value of life insurance, the division of appellant's stock in his architecture firm, spousal support, and attorney fees. On June 19, 2007, the trial court issued a judgment entry in which, among other things, it awarded appellee $3,300 per month in indefinite spousal support.
 {¶ 3} Appellant appealed, and this court reversed in part, concluding that the trial court had not adequately explained its reasons for the spousal support award, thereby precluding analysis of whether the award constituted an abuse of discretion. Chelsey v. Chelsey (Mar. 4, 2008), Franklin App. 07AP-566. Following remand, the trial court issued a new decision and judgment entry on May 1, 2008. Therein, the court again awarded appellee indefinite spousal support in the amount of $3,300 per month.
 {¶ 4} Appellant appealed again, and advances one assignment of error for our review, as follows:
 The trial court erred and abused its' [sic] discretion by issuing a spousal support award to Appellee.
 {¶ 5} Section 3105.18 of the Ohio Revised Code provides, in pertinent part:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors: *Page 3 
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable. *Page 4 
 (2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.
 {¶ 6} Appellate review of an award of spousal support is whether the trial court abused its discretion. Dunham v. Dunham,171 Ohio App.3d 147, 2007-Ohio-1167, 870 N.E.2d 168. "`Abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Grosz v.Grosz, Franklin App. No. 04AP-716, 2005-Ohio-985, ¶ 9, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140. "The trial court is not required to comment on each statutory factor. Rather, the record need only show the court considered them in making its award." McClung v. McClung, Franklin App. No. 03AP-156, 2004-Ohio-240, ¶ 21.
 {¶ 7} In support of his assignment of error, appellant argues that the trial court did not comply with our mandate and cannot justify its spousal support award. Appellant calls our attention to the fact that in its second judgment entry, the trial court stated that it had "determined that it can add no relevant additional facts to the previous detailed findings." (May 1, 2008 Judgment Entry, at 2.)
 {¶ 8} However, the court explained that it based its award on the same facts upon which it based its previous award, and it listed the primary facts upon which it based its decision — the 38-year duration of the marriage, the parties' relative earning capacities, the marital lifestyle, and the parties' incomes (including income imputed to appellee at a higher rate than that of her actual income). The court also recognized that appellant will *Page 5 
be forced to begin the retirement process in the near future, and it retained jurisdiction over spousal support for that reason.
 {¶ 9} The court explained that it had been guided by the statutory factors set forth in R.C. 3105.18 and principles expressed by the Supreme Court of Ohio, such as the trial court must consider all statutory factors, both parties shall be considered to have contributed equally to the marriage, equity does not always amount to equality, neither party should make a profit or receive a windfall at the expense of another, and the fundamental charge for the domestic relations court is to fashion a spousal support award that will be reasonable and equitable to both parties. The trial court also noted our precedent that a marriage of long duration generally permits an indefinite award of spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,554 N.E.2d 83; Corpac v. Corpac (Feb. 27, 1992), Franklin App. No. 91AP-1036. The court characterized the parties' marriage in this case, which spanned 38 years, as a marriage of long duration.
 {¶ 10} The court made factual findings with respect to each applicable statutory factor. Appellant's 2006 income, including salary, bonus and deferred compensation, was over $325,000, while the court imputed $70,000 in income to appellee, based upon her income from her former full-time employment, though she earns substantially less than that figure. The trial court reasoned the wide disparity in the parties' relative incomes and earning capacities, coupled with the extremely long duration of the marriage, and both parties nearing retirement age, made the status quo of $3,300 per month a reasonable and equitable spousal support award. As noted earlier, the court recognized that the parties would need to revisit this figure in the near future because appellant's income will decrease with his upcoming mandatory retirement. Thus, the court retained jurisdiction *Page 6 
over the spousal support award, and specifically determined that appellant's impending, mandatory retirement shall constitute a substantial change in circumstances for purposes of future modification or termination of appellant's spousal support obligation.
 {¶ 11} Upon our review of the trial court's judgment entry, we are unpersuaded that the trial court's spousal support award is unreasonable, inequitable or inappropriate, or that the analysis set forth in the judgment entry was unsupported or insufficient. For these reasons, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Appeals, Division of Domestic Relations, is affirmed.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1